**DAVID RICHARD WILSON,**
*Petitioner,*

*v.*

**BOARD OF PAROLE,**
*Respondent.*

(CA A63709)

812 P2d 423

Lawrence J. Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

John Reuling, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

PER CURIAM

## PER CURIAM

Petitioner seeks review of a Board of Parole order setting his parole release date. He argues that the Board considered the wrong matrix range in deciding not to overrule his minimum sentence. We reverse and remand.

At petitioner's parole hearing, the Board established a matrix range of 211 to 284 months and, by a vote of 3 to 2, decided not to override a 300-month minimum sentence for petitioner's murder conviction. The state concedes that the matrix range used by the Board was wrong and that the correct range should have been 198 to 268 months. It also acknowledges that the Board was required to consider the appropriate matrix range in determining whether a minimum sentence should be overridden. *See Howard v. State Board of Parole,* 105 Or App 288, 290, 804 P2d 509 (1991).[1]

The state argues, nonetheless, that the use of the wrong matrix range was not error, because the Board is only required to "consider" the range as one factor in making its decision whether to override the minimum and that the slight difference between the correct range and the one that it used could not have been material in the Board's decision. We hold that the Board must reconsider its decision because, as a matter of law, we cannot say that its decision was not affected by the use of the incorrect range.

Petitioner's remaining assignments of error are without merit.

Reversed and remanded for reconsideration.

---

[1] In *Howard,* the incorrect matrix range was actually lower than the correct one.